KERSH et al. v. MATTHEWS. (No. 7562.)

(Court of Civil Appeals of Texas. Dallas. May 27, 1916.)

1. APPEAL AND ERROR ⬡⟾1001(1)—REVIEW—SUBSTANTIAL EVIDENCE.

A verdict supported by substantial evidence will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3928–3933; Dec. Dig. ⬡⟾1001(1).]

2. APPEAL AND ERROR ⬡⟾548(5)—BILL OF EXCEPTIONS—NECESSITY.

A ruling admitting testimony cannot be reviewed on appeal, unless a bill of exceptions thereto is reserved.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2436; Dec. Dig. ⬡⟾548(5).]

3. NEW TRIAL ⬡⟾105 — NEWLY DISCOVERED EVIDENCE—CUMULATIVE AND IMPEACHING.

Ordinarily, alleged newly discovered testimony of a cumulative and impeaching charac-

ter cannot form the basis of a motion for new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 183, 221–223, 229; Dec. Dig. ⊕ 105.]

4. APPEAL AND ERROR ⊕981—REVIEW—DISCRETION—NEW TRIAL.

The refusal of new trial for newly discovered evidence will not be reversed, unless it appears to have been an abuse of discretion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3876; Dec. Dig. ⊕981.]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by J. Dawson Matthews against M. C. Kersh and another. From a judgment against the named defendant, he appeals. Affirmed.

Henry P. Edwards and Cockrell, Gray & McBride, all of Dallas, for appellant. Morris & Williamson, of Dallas, for appellees.

TALBOT, J. The appellee, J. Dawson Matthews, brought this suit in the district court of Dallas county against appellants, M. C. Kersh and D. E. Waggoner, to recover $954.50, the alleged amount due plaintiff by defendants for tracings, sketches, and plans alleged to have been furnished by plaintiff as architect for defendants. The said tracings, sketches, and plans were fully itemized with the price of each set opposite same and showing the dates when ordered. The defendants answered by general demurrer, general denial, and plea of payment. The case was tried before the court and a jury, and, upon the conclusion of the evidence, the court instructed a verdict in favor of the defendant D. E. Waggoner, and submitted the case as to the defendant Kersh upon a general charge. The jury returned a verdict in favor of the defendant Waggoner in accordance with the instruction of the court, and in favor of the plaintiff, Matthews, against the defendant Kersh for the amount sued for. Appellee entered a remittitur of $95, and from the judgment rendered Kersh appealed.

The first assignment of error asserts that:

"The verdict of the jury in plaintiff's favor is necessarily based upon the finding that the defendant Kersh, under his agreement with the plaintiff, was to pay plaintiff for plans, sketches, and tracings, regardless of whether same were actually adopted or used for the construction of buildings, and the finding of the jury in this respect is against the evidence and certainly the great preponderance of the evidence, including the testimony of the plaintiff himself to this particular point."

[1] Whether the tracings, sketches, and plans were to be paid for by the appellant Kersh only in the event they were used for the construction of buildings was perhaps the principal issue in the case, and the testimony bearing upon the issue is entirely too voluminous to be detailed in this opinion. The testimony of the appellant is to the effect that he was not to pay anything for sketches or plans that were not used for the building of houses, and there are statements of the appellee, which, considered apart from other portions of his testimony, tend to corroborate the testimony of the appellant, to which we have referred. We have concluded, however, after a careful examination and consideration of all the testimony, that the issue was one for the determination of the jury. The appellee, among other things, unequivocally testified that the claim of appellant to the effect that the plans and sketches not used were not to be paid for was not correct. He said:

"I never had such an agreement as Mr. Kersh claims; there was no agreement that I was not to be paid for the ones [sketches and plans] not used."

The rule is thoroughly established in this state that where the verdict is supported by substantial evidence, it will not be disturbed on appeal.

[2] The second assignment of error complains of the admission of certain testimony. The record fails to show that a bill of exception was reserved to this action of the court, and under the uniform decisions in this state the ruling cannot be reviewed by this court without such a bill. It seems, however, that if a proper bill of exception had been taken to the court's action in admitting the testimony complained of, such action would not constitute reversible error, for the reason that similar testimony was admitted without objection.

[3, 4] The third and fourth assignments of error charge that the trial court erred in not granting appellant a new trial because of alleged newly discovered testimony. This testimony was of a cumulative and impeaching character, and, ordinarily, such testimony cannot form the basis of a motion for a new trial. Besides, the granting of a new trial upon the ground of newly discovered evidence is a matter resting very largely in the discretion of the trial court, and when the court has refused an application made upon such ground the appellate court will not reverse, unless it appears that the trial court has abused its discretion. It does not so appear in this instance. Indeed, according to the record sent to this court, it may be said that the diligence used, if any, to ascertain the newly discovered evidence before the trial was wholly insufficient, and that the trial court for that reason was justified in overruling the motion for a new trial in so far as the same was based upon such evidence.

The judgment is supported by the evidence, and will be affirmed.

Affirmed.